# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:23-cr-00044-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| RAUL ROSALES-VILLEGAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant Raul Rosales-Villegas's ("Defendant's") Emergency Motion for Pretrial Release Pending Appeal of Detention Hearing, (ECF No. 32). The Government filed a Response, (ECF No. 35), to which Defendant filed a Reply, (ECF No. 37).

For the reasons discussed below, the Court **DENIES** Defendant's Emergency Motion for Pretrial Release Pending Appeal of Detention Hearing.

## I.   <u>BACKGROUND</u>

On September 9, 2022, a Complaint was filed charging Defendant with one count of Deported Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b). (*See generally* Compl., ECF No. 1). Defendant submitted to detention (without prejudice to reopen) to consider the Government's "fast track" plea offer. (Mins. Proceeding Initial Appearance, ECF No. 4). On March 7, 2023, an Indictment was entered charging Defendant with one count of Deported Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b). (*See generally* Indictment, ECF No. 21). On March 17, 2023, an arraignment and initial appearance was held, at which Defendant pled not guilty. (Mins. Proceeding Arraignment/Plea, ECF No.

///

24).  Defendant subsequently moved to re-open his detention hearing. (*See generally* Mot. Reopen Detention Hearing, ECF No. 26).

On March 24, 2023, the Magistrate Judge held a detention hearing. (*See generally* Mins. Proceeding Detention Hearing, ECF No. 28).  At the conclusion of this hearing the Magistrate Judge issued an Order releasing Defendant on special conditions. (*Id.*).  The Government requested a stay of this Order to seek revocation, which the Magistrate Judge granted until the undersigned could review the Order. (*Id.*).  Defendant then filed the Emergency Motion for Pretrial Release Pending Appeal of Detention Hearing, (ECF No. 32), which the Court discusses below.

## II.   LEGAL STANDARD

A party is permitted to seek review of a magistrate judge's release order under 18 U.S.C. § 3145(a), which provides that "[i]f a person is ordered released by a magistrate judge . . . (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  In deciding such a motion, the district court reviews the magistrate judge's order *de novo. See, e.g., United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990).

Pursuant to this statute, the Court applies the same standard and factors as the magistrate judge.  The Court "shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).  If the Court determines that release or personal recognizance "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the Court "shall order" release on conditions; specifically, "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the

1  appearance of the person as required and the safety of any other person and the community[.]"

2  18 U.S.C. § 3142(c)(1)(B).  If, however, "no condition or combination of conditions will

3  reasonably assure the appearance of the person as required and the safety of any other person

4  and the community," the judicial officer "shall" order the defendant detained. 18 U.S.C. §

5  3142(e)(1).

6        Pretrial detention should only be granted "in rare circumstances . . . and any doubts

7  regarding the propriety of release should be resolved in the defendant's favor." *United States v.*

8  *Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).  On a motion for pretrial detention, the

9  Government bears the burden of showing by a preponderance of the evidence that the

10  defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a

11  danger to the community." *Id*.

## III.   DISCUSSION

13        By the Emergency Motion for Pretrial Release Pending Appeal of Detention Hearing,

14  Defendant contends that 18 U.S.C. § 3145(a) of the Bail Reform Act ("BRA") does not

15  authorize a magistrate judge to stay their release order pending review by a district court judge.

16  (Emergency Mot. Pretrial Release 2:4–3:7, ECF No. 32).  Thus, Defendant asserts he must "be

17  released with the strict conditions set forth by the Magistrate Judge pending this Court's review

18  of the pretrial release order." (*Id.* 2:1–2).  In response, the Government argues that despite the

19  express terms of 18 U.S.C. § 3145(a) not authorizing federal courts to stay release orders,

20  federal courts across the country have routinely stayed these orders to "give district judges

21  sufficient time to decide motions for review pursuant to § 3145(a)." (Resp. 2:20–3:1, ECF No.

22  35).  The Government further notes that the court's which have addressed Defendant's

23  argument have "rightly rejected it." (*Id*. 3:7).

24        Section 3145 provides, in pertinent part:

25        3145. Review and appeal of a release or detention order

> (a) Review of a release order.—If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

18 U.S.C. § 3145.

Defendant is correct that § 3145 does not expressly authorize a stay. But Defendant's interpretation of § 3145 elevates text, or more accurately the lack of explicit text, over the practical difficulties created by divesting federal courts of the ability to stay release orders. As the United States Court of Appeals for the Fifth Circuit observed in *United States v. Brigham*, "given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory." 569 F.3d 220, 230 (5th Cir. 2009). To adopt Defendant's interpretation risks allowing the "person in question" the opportunity to "harm[] the community or disappear[] by the time the district court's ruling is rendered and detention is ordered" if the district court disagrees with the magistrate judge's determination. *Id.* Thus, the "power to stay a release order is coupled with a district court's authority to substantively review a magistrate judge's release order." *United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 494 (W.D. Tex. 2022).

The Court's conclusion is bolstered by the fact that Defendant's exact argument was rejected by this court in *United States v. Walker*. No. 2:20-mj-00464-BNW. In *Walker*, the court also relied on *Brigham* in concluding that the court's ability to stay a magistrate judge's release order was necessary to substantively review the magistrate judge's order and protect the community. (*See* Order 1:11–2:8, ECF No. 10, in Case No.: 2:20-mj-00464-BNW, 2:20-cr-126-

APG-VCF); *United States v. Ventura*, 811 Fed. App'x 445, 445 (9th Cir. 2020) ("Ventura's counsel could have sought a stay of the magistrate judge's release order from the district but failed to do so.").

Accordingly, the Court disagrees with Defendant's contention that federal courts lack the authority to stay release orders under the BRA.[1]  The Magistrate Judge's stay of the Release Order she issued following the March 24, 2023 Detention Hearing will remain in effect pending this Court's review of the Government's Motion for District Court Review of Magistrate Judge's Release (or Detention) Order, (ECF No. 29).

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Pretrial Release Pending Appeal of Detention Hearing, (ECF No. 32), is **DENIED.**

**DATED** this __4__ day of April, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] The Court's decision is also based on unanimous caselaw.  As the Government notes, "stays of release are so commonplace and uncontroversial that they are often relegated to a sentence or two in the procedural history of an opinion on the merits of the detention decision." (Resp. 3:9–24) (collecting cases).  Here, the Court is guided by the practical considerations underlying the issuance of a stay as well as caselaw within the Ninth Circuit routinely authorizing stays.